UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMILIANO SEDA,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY CROTHERS *et al.*,<br><br>    Respondents, | Civil Action No. 25-4374 (RMB)<br><br>**MEMORANDUM ORDER** |

**IT APPEARING THAT:**

   1. On or about May 9, 2025, Petitioner Emiliano Seda filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence in Bergen County Superior Court, Indictment No. 15-10-01247, for sexual assault charges. (Petition, Dkt. No. 1 at 8-19.)

   2. Petitioner submitted a motion for stay and abeyance with his petition. (Motion for Stay and Abeyance, Dkt. No. 1 at 2-7.)

   3. Petitioner raises six grounds for relief in his petition that have been exhausted in the state courts, Grounds One through Six.

   4. For Grounds Seven through Nine of his petition, labeled as Points I, II, and III in Paragraph 13 of the petition, Petitioner submits that he did not exhaust his state court remedies but filed a second PCR petition containing these claims on or about May 9, 2025. (*See* Exhibit, Dkt. No. 1-1 at 2.)

5. A mixed petition, one that includes exhausted and unexhausted habeas claims, must be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982) or held in abeyance while Petitioner exhausts his state court remedies, pursuant to *Rhines v. Weber*, 544 U.S. 269, 275-78 (2005).

6. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Even when good cause is shown, a "district court would abuse its discretion if it were to grant [the petitioner] a stay when his unexhausted claims are plainly meritless." *Id.*

7. Petitioner states that extraordinary circumstances prevented him from filing his second petition for post-conviction relief in state court. (Motion for Stay and Abeyance, Dkt. No. 1 at 3-4.) Although it is not clear, Petitioner seems to be asserting his PCR counsel failed to raise the unexhausted claims in his first PCR petition. (*Id.* at 4-5.) Petitioner has not stated why he was unable to file these claims in a supplemental *pro se* PCR petition. Furthermore, Petitioner has not provided any supporting facts for his unexhausted claims, and the Court is unable to determine whether the claims plainly lack merit. Accordingly, the Court will deny without prejudice Petitioner's motion for stay and abeyance. Petitioner may renew his motion if he can show good cause for not exhausting his state court claims before filing his habeas petition, and provide supporting facts for his unexhausted claims to show they do not plainly lack merit.

**IT IS** therefore on this <u>13th</u> day of <u>January 2026,</u>

**ORDERED** that Petitioner's motion for stay and abeyance (Dkt. No. 1 at 2-7) is **DENIED** without prejudice; Petitioner may file a renewed motion for stay and abeyance within 30 days of the date of entry of this Order; and it is further

**ORDERED** that if Petitioner does not file a renewed motion for stay and abeyance within 30 days, Petitioner shall advise the Court whether he wishes to proceed solely on his exhausted claims or dismiss the mixed petition.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge